**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| PAUL M. COUGHLIN, JR., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:17-CV-470-DBH |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| DEFENDANT | ) | |

**DECISION AND ORDER ON PLAINTIFF'S REQUEST FOR IMMEDIATE RELIEF**

The plaintiff believes that he is being harassed by the FBI. He also believes that a federal warrant issued against him around March 7, 2016, in Philadelphia PA, Addendum to Coughlin Aff. 1 (ECF No. 25-1), but I have no information about that. He has sued the FBI asking that I enjoin that governmental agency from harassing him. He has withdrawn his original claim for damages, but seeks emergency relief. He is proceeding without a lawyer, having dismissed his lawyer—"a good lawyer and nice person"—because the lawyer was "content with" a letter in which it was "formally stated" that the FBI was not investigating the plaintiff. Pl.'s Resp. 6 (ECF No. 36). In his filings, the plaintiff has named a private agency, its vehicles, Pl.'s Resp. 1, 2, and a private individual, Addendum to Coughlin Aff. 2, Ex. to Addendum to Coughlin Aff. (ECF No. 25-2), and has mentioned police cars, Addendum to Pleading 1 (ECF No. 18). Yet he is convinced that "Federal Law Enforcement" is to blame—"whom I believe to be

the FBI" employing private investigators. Fourth Addendum to Coughlin Aff. 1 (ECF No. 35). But he also says that "[i]t is possible this harassment is being done by some other division of federal law enforcement," Pl.'s Mot. for Immediate Relief 2 (ECF No. 16), and that "I doubt it's the ATF, or homeland security. I suppose it's possible it's the U.S. Marshalls but obviously I can't be sure." Pl.'s Resp. 4 (ECF No. 36).

The plaintiff is emotionally distressed and thinks that this court has the remedy. But he has not shown grounds for emergency relief under Fed. R. Civ. P. 65. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Court of Appeals for the First Circuit, which governs this court, has said: "The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

The problem for the plaintiff is that he is unable at this time to demonstrate that the FBI is the source of his harassment. He has only been able to identify private individuals or entities or police as somehow involved, and he can only speculate that the FBI is behind it all. Thus, he cannot show that he has a strong likelihood of success on his claim that the FBI must be enjoined.

Essentially he wants this Court to find out for him who is responsible for the conduct that troubles him, but that is not the Court's job.

As a result, I **DENY** the request for immediate relief.

I do urge the plaintiff to continue to consult with his mental health professionals in an attempt to alleviate his distress.

**SO ORDERED.**

**DATED THIS 14TH DAY OF JUNE, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**