# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| PAUL M. COUGHLIN, JR., | ) | |
| | ) | |
|     PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:17-CV-470-DBH |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) | |
| | ) | |
|     DEFENDANT | ) | |

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

The defendant has moved to dismiss the complaint in this case for lack of subject matter jurisdiction. Def.'s Mot. (ECF No. 33). The defendant treats the unrepresented plaintiff's complaint as asserting a claim for relief under the Federal Tort Claims Act (FTCA). Id. at 2. If that were the only correct characterization, the defendant would be correct, for there is no federal jurisdiction over such a claim unless the plaintiff has first filed an administrative claim, something the defendant says the plaintiff did not do. 28 U.S.C. § 2675(a).[1]

But I disagree with that narrow reading of the plaintiff's complaint. He says that his "civil rights are being violated," Compl. 4 (ECF No. 1), disclaims any

---

[1] The plaintiff's complaint (ECF No. 1) does not assert that the plaintiff filed an administrative claim under the FTCA, and his response to the government's motion to dismiss (ECF No. 36) does not assert that he filed such a claim. In the Court of Appeals for the First Circuit, whose decisions govern this court, the plaintiff carries the burden of proving that he filed the claim in order to support FTCA jurisdiction. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

request for damages, and seeks only injunctive relief against the FBI, claiming that the FBI is constantly harassing him and stating: "All I want from this case is for the harassment to stop," Addendum to Compl. (ECF No. 9), and that "I would settle for them to just leave me alone," Compl. 5.[2] While some of his claims do sound like state law tort claims such as trespass and libel (throwing stones at his house; accusing him of pedophilia, Coughlin Aff. 1 (ECF No. 24)) subject to the Federal Tort Claims Act, the complaint can also be read as asserting federal constitutional claims such as invasions of privacy, substantive due process, and Fourth Amendment rights (he alleges, for example, that a surveillance camera/microphone was placed in his house and a tracking device in his car, Addendum to Compl.). See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998) (substantive due process claim based on executive abuse of power requires conduct that shocks the conscience); Hancock v. Cty. of Rensselaer, 882 F.3d 58, 66 (2d Cir. 2018) (constitutional privacy claim based on executive action requires conduct that shocks the conscience); Nat'l Org. For Reform of Marijuana Laws (NORML) v. Mullen, 608 F. Supp. 945, 961-64 (N.D. Cal. 1985) (injunctive suit based on surveillance in violation of the Fourth Amendment); see generally Martinez v. Cui, 608 F.3d 54, 63 (1st Cir. 2010)

---

[2] He has muddied the waters, however, in response to the government's criticism of his failure to file an administrative claim. Now on the deadline for the government's reply, he has filed with this court what purports to be an administrative claim dated June 19, 2018, with no indication that it was sent to the United States or the Federal Bureau of Investigation for action. Pl.'s Second Resp. (ECF No. 39-1). In responding to the form's direction to state the nature and extent of the injury, he states on the form: "Mainly I want the harassment to stop, but I will start at a dollar amount of $100,000 and reserve the right to change it." At this stage I express no view on what effect this action and this new statement have on any claim under the FTCA. Certainly the document does not alter his claim for relief in this court.

2

("*Lewis* clarified that the shocks-the-conscience test . . . governs *all* substantive due process claims based on executive, as opposed to legislative, action.").

I do not decide whether the plaintiff has stated a claim under Fed. R. Civ. P. 12(b)(6) for constitutional violations, because the defendant has argued only the absence of subject matter jurisdiction under Rule 12(b)(1). It has been clear since Bell v. Hood, 327 U.S. 678, 684 (1946) that "it is established practice for this Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution." See also Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1230-40 (10th Cir. 2005) (outlining the basis for federal jurisdiction over suits seeking an injunction or mandamus against federal officials and agencies and the waiver of sovereign immunity under 5 U.S.C. § 702 for suits seeking nonmonetary relief).

I therefore **DENY** the motion to dismiss under Rule 12(b)(1). Since the motion to substitute a party is also based on the premise that the plaintiff has presented only a Federal Tort Claims Act claim, that motion is **DENIED** for the same reason. I express no view on whether the plaintiff has stated a claim under Rule 12(b)(6) or whether the FBI has done that of which it is accused; my decision is only that this Court has jurisdiction over the claim.

**SO ORDERED.**

**DATED THIS 21ST DAY OF JUNE, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**