UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PAUL M. COUGHLIN, JR., | ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL NO. 2:17-CV-470-DBH |
| UNITED STATES OF AMERICA, | ) ) ) | |
| DEFENDANT | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTED COUNSEL**

The plaintiff previously moved to have counsel appointed for him in this civil case (ECF No. 45). I denied that motion (ECF No. 50) because he had shown neither indigency nor exceptional circumstances, both of which are required for counsel to be appointed under 28 U.S.C. § 1915(e)(1). He now moves for an "appeal" of that denial, arguing that he is indigent and asking for additional time respond to the defendant's motion to dismiss. Pl.'s Mot. for Recons. 1-2 (ECF No. 51). I construe the motion as one for reconsideration and **DENY** it.

I will assume that the plaintiff has shown indigency in his latest filing, but he still has not shown "exceptional circumstances . . . such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Both indigency and exceptional circumstances are required to appoint counsel in a civil case. Considering "the total situation," id. at 24, I find that the facts and law here are not complex and do not warrant appointing counsel.

I also **DENY** the plaintiff's request for additional time to respond to the defendant's motion to dismiss. I already generously extended the time for that. Order on Pending Motions (ECF No. 50). "[P]ro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**SO ORDERED.**

**DATED THIS 15TH DAY OF AUGUST, 2018**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**